IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONALD DENNIS MANDEVILLE, 833528, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:11-CV-412-G |
| | ) | (Consolidated with |
| RICK THALER, Director, TDCJ-CID, | ) | 3:11-CV-2990-G) |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), implemented by an Order of the Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**Type of Case:** This is a petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254.

**Parties:** Petitioner is a state prisoner, currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"). Respondent is Rick Thaler, Director of the TDCJ-CID.

**Statement of the Case:** Petitioner was convicted of three cases of aggravated sexual assault of a child and one case of indecency with a child. *State v. Mandeville*, Nos. F-97-34809, F-97-34810, F-97-34829 and F-97-34831 (282nd Jud. Dist. Ct. June 30, 1998). Petitioner's convictions were affirmed on direct appeal.

Petitioner has previously filed several federal habeas petitions. Petitioner's first petition was dismissed for failure to exhaust state remedies. *Mandeville v. Johnson*, 3:00-CV-2000-H (N.D. Tex.). Petitioner's next three petitions were dismissed as barred by limitations. *Mandeville v. Dretke*, Nos. 3:04-CV-1515-G, 3:04-CV-1516-G and 3:04-CV-1519-G (N.D. Tex.). Petitioner's next petition was transferred to the Fifth Circuit as successive. *Mandeville v. Thaler*, 3:10-CV-992-O (N.D. Tex.).

On February 23, 2011, Petitioner filed the instant § 2254 petition. He argues he is entitled to release on mandatory supervision for his three sexual assault of a child convictions. On October 25, 2011, Petitioner filed a § 2254 petition that was later consolidated with this case. *Mandeville v. Thaler*, 3:11-CV-2990-G. In that petition he argues he is entitled to release on his indecency with a child conviction because his flat- time, good-time and work credits equal his full sentence.

**Discussion:** The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). An application is second or successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ. *Leal Garcia v. Quarterman,* 573 F.3d 214, 220 (5th Cir. 2009) (citing *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000)).

In this case, Petitioner's current petition raises claims that could have been raised in his earlier petitions. At the time he filed his earlier petitions, Petitioner could have determined that his convictions for aggravated sexual assault of a child made him ineligible for mandatory

supervised release.  TEX. GOV'T CODE § 508.149(a)(6) (West 1997); TEX. CODE CRIM. PROC. art. 42.18 § 8(c) (West 1996).  He could also have determined that good-time and work-time credits would not reduce the required time to fully serve his sentence for indecency with a child. TEX. GOV'T CODE § 498.003(a) (West 1996).  Petitioner has failed to establish sufficient cause and prejudice for failing to include these claims in his prior petitions.  His petition is therefore successive under the AEDPA.

To file a second or successive petition, a defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court.  *See* 28 U.S.C. § 2244(b)(2).  Before Petitioner files his application in this Court, a three-judge panel of the Fifth Circuit must determine whether the application makes the requisite prima facie showing.  *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

The Fifth Circuit has not issued an order authorizing this Court to consider the successive motion. Petitioner must obtain such an order before another petition for habeas relief under § 2254 is filed.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**            -3-

**RECOMMENDATION:**

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be TRANSFERRED to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed this 18th day of September, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).